UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCREST LIMITED,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 15-mc-80270-EDL<br><br>**REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS PETITION TO QUASH; ORDER REASSIGNING CASE**<br><br>Re: Dkt. No. 22 |

On November 13, 2015, Petitioner filed this petition requesting that the Court quash an IRS summons to Google, Inc. arguing, in part, that Respondent failed to give Petitioner proper notice of the summons. On January 11, 2016, Respondent moved to dismiss. On February 16, 2016, after Petitioner opposed the first motion to dismiss, Respondent withdrew its motion and filed a new motion to dismiss. In its new motion, Respondent argues that the petition to quash is moot and should be dismissed because Respondent has withdrawn the IRS summons in question. Respondent states that it has now issued a new summons to Google, Inc. related to this inquiry "with uncontestable notice served upon counsel for [Petitioner]." On March 22, 2016, the Court held a hearing. For the reasons set forth below, the Court recommends granting Respondent's motion and dismissing the petition with leave to amend to challenge the reissued summons. This matter is hereby reassigned to the district judge who was the general duty judge on the date the petition was filed.

**I.  MAGISTRATE JUDGE'S JURISDICTION TO DETERMINE ADMINISTRATIVE ENFORCEMENT PROCEEDINGS**

A petition to quash an IRS summons is "analogous to a dispositive motion. Once the

petitions are decided, the matter is over. Unlike a discovery motion, petitions to quash summonses are not ancillary to a larger proceeding. They are the entire proceeding." Strong v. United States, 57 F. Supp. 2d 908, 913-14 (N.D. Cal. 1999) (Laporte, J.). In the absence of consent, this Court issues this report and recommendation. Id.; see also Maehr v. Comm'r of Internal Revenue, 2016 WL 475402, at *2 at n.1 (10th Cir. Feb. 8, 2016) ("magistrate judge had no authority to issue a final order dismissing" a petition to quash an IRS summons without the consent of the parties).

## II. DISCUSSION

### A. The petition is moot and Petitioner is therefore not entitled to discovery

As a general matter, "federal courts may not 'give opinions upon moot questions or abstract propositions' . . . . [A case] should therefore be dismissed as moot when, by virtue of an intervening event, a court []cannot grant 'any effectual relief whatever' in favor of the appellant." Calderon v. Moore, 518 U.S. 149, 150 (1996) (citations omitted). However, the relief "does not need to be 'fully satisfactory' to avoid mootness. . . . To the contrary, even the availability of a 'partial remedy' is 'sufficient to prevent [a] case from being moot.'" Id. (citations omitted).

In Pacific Fisheries Inc. v. United States, 484 F.3d 1103, 1105-06 (9th Cir. 2007), the petitioners moved to quash two IRS summonses that they argued had been properly served. Id. at 1105. After the petitioners moved to quash and sent a letter to the IRS "reiterating their position that the summonses were unenforceable," the IRS withdrew the summonses. Id. The IRS then asked the petitioners to voluntarily dismiss because "the controversy at issue . . . is [] moot." Id. The petitioners "refused to file voluntary dismissals" unless the "IRS provided certain information and assurances," including "assurances that the IRS would not reissue the summons[es]." Id. at 1105-06. The petitioners also "requested administrative costs and attorneys' fees, and requested that the court order the government to respond to the[ir] discovery requests." Id. at 1106. The district court granted the government's motion to dismiss based on mootness once the IRS withdrew the summonses. Id. at 1106. The district court also "declined to impose conditions on the dismissal or to award attorneys' fees." Id. On appeal, the Ninth Circuit affirmed the district court's determination. Id. at 1111. The Court considered the possibility that the IRS might reissue

2

the summonses at issue in that case but held that the petition to quash became "moot after the summonses were withdrawn." Id.; see also Maehr v. United States, Case No. 08-80218, Dkt. 9 at 2 (N.D. Cal. April 2, 2009) (Ware, J.) (granting a motion to dismiss a petition to quash an IRS summons, in part, because the petition "[wa]s moot because [the] summons ha[d] been withdrawn."); Malone v. Humphrey, 237 F.2d 55, 55 (6th Cir. 1956).

Although here the government has already reissued the summons, under the reasoning of Pacific Fisheries, the petition to quash the original summons that has been withdrawn is moot. Petitioners' recourse is to move to quash the reissued summons.

The cases cited by Petitioner are not to the contrary. The nonbinding case of Brinkman v. United States, Inc. ex rel. IRS, 2015 U.S. Dist. LEXIS 175483, *4-5 (D. Minn. 2015), reasoned that:

> [T]his case does not present exceptional circumstances such that rendering an opinion where there is no case or controversy would be appropriate. While Respondent does not admit to any deficiencies in the summonses, it does not indicate that it will re-issue the summonses . . . . *[I]f the IRS does re-issue any summonses, Petitioners may file a new motion to quash* if they believe they have a legally supportable reason for doing so. If the summonses are then withdrawn once again, the Court can revisit the issue of whether the litigation should nevertheless proceed in the absence of a case or controversy.

Id. (emphasis added). None of the other cases cited by Plaintiff, City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983), Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004), and Certain Underwriters at Lloyd's London v. Argonaut Ins. Co., 500 F.3d 571, 572 (7th Cir. 2007), involved IRS summonses. Moreover, in Demery all of the parties agreed that the case was not moot, Demery, 378 F.3d at 1025, and Certain Underwriters is from another circuit.

Petitioner also requests discovery pertaining to whether the original summons was issued in bad faith. Generally,

> [a] person receiving an IRS summons is . . . entitled to contest it in an enforcement proceeding. . . . [E]nforcement proceedings are to be 'summary in nature.'. . . Accordingly, . . . courts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of "oversee[ing] the [IRS's] determinations to investigate." . . . As part of the adversarial process concerning a summons's validity, the taxpayer is entitled to examine an IRS agent when he can point to specific facts or circumstances plausibly

3

> raising an inference of bad faith. Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge.

United States v. Clarke, __ U.S. __, 134 S. Ct. 2361, 2367-68 (2014) (citations omitted).  Here, Petitioner has not pointed to sufficient facts or circumstances to raise an inference of bad faith.  Further, as the original summons has been withdrawn, the discovery is not relevant and proportional.  See Pacific Fisheries, 484 F.3d at 1111 ("The district court did not abuse its discretion in denying the taxpayers' requests [for discovery], since the purpose of discovery is to aid a party in the preparation of its case, not to punish its opponents for past sins.").  Accordingly, the Court recommends granting Defendant's motion, dismissing the petition with leave to amend to challenge the reissued summons and denying Petitioner's request to take discovery.

### B. An award of attorney's fees and costs is not warranted

"To prevail on a claim for attorneys' fees, [taxpayers must] demonstrate that [they have] substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented . . . . [Taxpayers are] then entitled to attorneys' fees unless the United States can demonstrate that its position was substantially justified."  Pacific Fisheries, 484 F.3d at 1106-07 (citing 26 U.S.C. § 7430(c)(4)).  To qualify as a "prevailing party," an individual taxpayers' net worth must "not exceed $2,000,000 at the time the civil action was filed."  28 U.S.C § 2412(d)(2)(B); see also 26 U.S.C § 7430(b)(4)(A)(ii).

Here, Respondent's withdrawal of the original subpoena may constitute "prevailing."  See Pacific Fisheries, 484 F.3d at 1107 ("[T]he government does not dispute that the taxpayers prevailed with respect to the most significant issue in the proceedings below. . . . [T]he taxpayers prevailed on the most significant issue because they received the relief they sought all along–the IRS withdrew the summonses.").  However, Petitioner has not met the other requirements for a fee award. It has not provided any evidence of its net worth and, on the record before this Court, Respondent's position was substantially justified. See Spires v. United States, 920 F. Supp. 140, 141 (D. Or. 1996) (denying a fee motion because the government's position was substantially justified and the "plaintiffs [] failed to come forward with evidence that they meet applicable net worth requirements").  The Court thus recommends denying Respondent's fee request.

4

### III. CONCLUSION

The Court recommends granting Respondent's motion and dismissing the petition to quash with leave to amend to challenge the reissued summons. The Court also recommends denying Petitioner's pending discovery and fee requests. Any party may serve and file specific written objections to this recommendation within fourteen (14) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

**IT IS SO RECOMMENDED.**

Dated: March 25, 2016

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge