United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCREST LIMITED,<br><br>   Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>   Respondent. | Case No.  15-mc-80270-JST<br><br>**ORDER REGARDING MOTION FOR DE NOVO DETERMINATION OF DISPOSITIVE MATTER**<br><br>Re: ECF Nos. 22, 29, 38 |

   This matter is before the Court on Petitioner Maxcrest Limited's objection to a Report and Recommendation ("R&R") Regarding Respondent's Motion to Dismiss the Petition to Quash issued by Magistrate Judge Elizabeth Laporte.  ECF No. 29.  The case was referred to the undersigned immediately following the issuance of Judge Laporte's R&R.   Petitioner Maxcrest Limited has moved for *de novo* determination of the petition.  ECF No. 38.  Respondent United States has filed a response requesting that the Court adopt the Report and Recommendation in its entirety.  ECF No. 42.

   The Court will grant Petitioner's motion (ECF No. 38), deny the United States' motion to dismiss the petition (ECF No. 22) as moot, and terminate the Report and Recommendation (ECF No. 29).

**I. BACKGROUND**

   Maxcrest Limited is a successor-in-interest to Platten Overseas Ltd.  ECF No. 1 ¶ 4; ECF No. 33 ¶ 4.  On September 16, 2015, the IRS issued a summons to Google Inc. to produce account information for the email account "plattenoverseas@gmail.com."  Maxcrest filed a petition on November 13, 2015, requesting that the Court quash the IRS summons because the United States failed to give proper notice.  ECF No. 1.  On January 11, 2016, the United States moved to dismiss

the petition, ECF No. 12, and on February 1, 2016, Maxcrest filed its opposition to the motion, ECF No. 20.

On February 12, 2016, the United States withdrew the summons ("the first summons"). See ECF No. 22-2, Ex. A. Four days later, the United States withdrew its motion to dismiss and filed a second motion to dismiss, arguing that the petition to quash the first summons had become moot. ECF No. 22.

On March 17, 2016, the United States served another summons ("the second summons") on Google and served notice on Maxcrest by certified mail. ECF No. 32.

On March 25, 2016, Magistrate Judge Laporte issued her R&R regarding the United States' motion to dismiss the petition. ECF No. 29. Judge Laporte recommended granting the United States' motion and dismissing Maxcrest's petition with leave to amend to challenge the second summons.

On April 7, 2016, the parties filed a stipulation agreeing that Maxcrest could file an amended petition to quash the second summons. ECF No. 32. That same day, Maxcrest filed an amended petition. ECF No. 33. On April 20, 2016, the United States filed a motion to dismiss the amended petition. ECF No. 43.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 72(b)(3) provides for de novo review of dispositive magistrate orders. Upon review of a dispositive magistrate order, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition . . . ." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the [magistrate's] report or specified proposed findings or recommendations to which objection is made.").

## III.    DISCUSSION

Maxcrest argues that because an amended petition addressing the second summons has been filed, the United States' motion to dismiss the original petition is "now inapplicable and itself moot." ECF No. 38 at 7. The Court agrees and GRANTS Maxcrest's motion for de novo

determination.

In light of Maxcrest's amended petition, the United States' second motion to dismiss the original petition – which was the subject of Judge Laporte's Report and Recommendation – is moot.[1]  Cf. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) ("[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect . . . .").

The Court accordingly ORDERS as follows:

1. Respondent's second motion to dismiss, ECF No. 22, is DENIED as moot.
2. The Clerk of the Court is directed to TERMINATE the Report and Recommendation Regarding Respondent's Motion to Dismiss Petition to Quash at ECF No. 29.

IT IS SO ORDERED.

Dated:  June 9, 2016

_____
JON S. TIGAR
United States District Judge

---

[1] Along with the recommendation that the Court grant the United States' motion to dismiss, Judge Laporte also recommended denying Maxcrest's request to take discovery and request for attorneys' fees.  Because the Court terminates Judge Laporte's Report and Recommendation, these issues are no longer before the Court.

3