UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXCREST LIMITED,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 15-mc-80270-JST<br><br>**ORDER GRANTING MOTION TO DISMISS AMENDED PETITION**<br><br>Re: Dkt. No. 43 |

Maxcrest Limited filed an amended petition seeking to quash a summons the Internal Revenue Service directed to a third party. ECF No. 33. Now before the Court is the United States' motion to dismiss the amended petition. ECF No. 43. The Court will grant the motion and compel compliance with the summons.

I. **BACKGROUND**

    A. **The First Summons**

This case deals with a third-party summons directed to Google Inc. regarding the email account information for Platten Overseas Ltd. ("Platten"). Platten dissolved under the British Virgin Islands Business Companies Act in December 2014. ECF No. 33 ¶ 10. Prior to dissolution, Maxcrest Limited held all of Platten's voting shares. Id. at ¶ 9. Maxcrest asserts it is the successor in interest to Platten's interests under the laws of the British Virgin Islands, and is the proper party to seek relief. Id. at ¶ 10.

In October 2014, the Russian Federation made an "exchange of information request" to the United States regarding the tax liabilities of NefteGasIndustriya-Invest ("Nefte-Invest"), specifically for information regarding Platten Overseas Ltd. from Google. Id. ¶ 11.

Rather than act promptly on the request, the Internal Revenue Service ("IRS") did not issue

a summons directed to Google until September 16, 2015. Id. ¶ 15. The summons was captioned as "In the matter of The Russian Income Tax Liabilities of NefteGasIndustriya-Invest." Id. ¶ 15. See id., Ex. A. The summons directed Google to produce account information for the email account "plattenoverseas@gmail.com." Id.

Maxcrest filed a petition on November 13, 2015, requesting that the Court quash the IRS summons because the United States failed to give proper notice. ECF No. 1. On January 11, 2016, the United States moved to dismiss the petition, ECF No. 12, and on February 1, 2016, Maxcrest filed its opposition to the motion, ECF No. 20.

On February 12, 2016, the United States withdrew the summons ("the first summons"). See ECF No. 22-2, Ex. A. Four days later, the United States withdrew its motion to dismiss and filed a second motion to dismiss, arguing that the petition to quash the first summons had become moot. ECF No. 22.

On March 17, 2016, the United States served another summons ("the second summons") on Google and served notice on Maxcrest by certified mail. ECF No. 32; ECF No. 33 ¶ 34.

On March 25, 2016, Magistrate Judge Laporte issued her Report & Recommendation ("R&R") regarding the United States' motion to dismiss the petition. ECF No. 29. Judge Laporte recommended granting the United States' motion and dismissing Maxcrest's petition with leave to amend to challenge the second summons.

On April 7, 2016, the parties filed a stipulation agreeing that Maxcrest could file an amended petition to quash the second summons. ECF No. 32. That same day, Maxcrest filed an amended petition. ECF No. 33. On April 20, 2016, the United States filed a motion to dismiss the amended petition. ECF No. 43.

In light of the amended petition, the Court denied the United States' motion to dismiss the petition as moot and terminated Judge Laporte's R&R. ECF No. 49.

B.   **The Second Summons**

As described above, the Internal Revenue Service ("IRS") issued the second summons directed to Google on March 17, 2016. ECF No. 33 ¶ 32. The second summons was sent by certified mail, with postage dated March 21, 2016. Id. ¶ 33. The second summons dated March

17, 2016 "is roughly identical" to the first summons issued on September 16, 2015.  Id. ¶ 34.

The second summons directs Google to produce the following information:

> . . . all customer and subscriber information for the email account plattenoverseas@gmail.com and any types of accounts or other electronic indicia related to that account that fall within any of the following categories of information:
> 1. Subscriber or customer name;
> 2. Subscriber or customer address;
> 3. Length of service (including start date) utilized; and
> 4. Telephone or instrument number or other subscriber/ customer number or identity, including any temporarily assigned network address, such as an Internet protocol address.

Id. ¶ 35.  The plattenoverseas@gmail.com email address was Platten's Gmail account address.  Id. ¶ 36.

Maxcrest filed an amended petition seeking to quash the summons.  ECF No. 33. Maxcrest argues that notice of the second summons was not timely, and the United States acted in bad faith in issuing the second summons.  Id. ¶¶ 47–48, 49–71.  Maxcrest additionally contends that the information sought is not relevant, and should the Court not quash the second summons, the Court should limit the production of information.  Id. ¶ 77.[1]

The United States seeks to dismiss the amended petition and to enforce the second summons.  ECF No. 43.

## II.   LEGAL STANDARD

In response to a summons issued by the IRS, a person under IRS investigation may bring a proceeding to quash the summons or intervene in the action.  26 U.S.C. § 7609(b).  Subsequently, the United States may seek to enforce the summons and/or move to dismiss the petition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Wilde v. United States, 385 F. Supp. 2d 966, 968 (D. Ariz. 2005).

When the United States moves to dismiss and also seeks enforcement of the summons, the government must establish the following four requirements: (1) the investigation will be

---

[1] Maxcrest additionally requests discovery to establish the United States' bad faith conduct.  ECF No. 33 ¶ 71.

conducted for a legitimate purpose; (2) the material being sought is relevant to that purpose; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code.  United States v. Powell, 379 U.S. 48, 57–58 (1964).  "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the Powell requirements have been met."  United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993). See Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985) ("Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case."); United States v. Clarke, 134 S. Ct. 2361, 2367 (2014) (stating a simple affidavit from the investigating agent can satisfy the requirement).

 If the government meets the Powell requirements, the petitioner must then negate one of the Powell elements or demonstrate a lack of good faith on the part of the IRS.[2]

### III.     DISCUSSION

The United States requests that the Court deny the amended petition and enforce the second summons directed to Google.[3]  See ECF No. 43.

#### A.     Overview

Article 25 of the Convention Between the United States of America and the Russian Federation for the Avoidance of Double Taxation and the Prevention of Fiscal Evasion with Respect to Taxes on Income and Capital (the "Convention") governs the exchange of tax information between the United States and the Russian Federation.  See https://www.irs.gov/pub/irs-trty/russia.pdf.  Under Article 25, competent authorities of the United States and the Russian Federation "shall exchange such information as is necessary for carrying

---

[2] However, when the United States moves to dismiss without simultaneously seeking to compel compliance with the summons, the United States is not required to establish a prima facie case for enforcement. Wilde, 385 F. Supp. 2d at 968.  Instead, the burden shifts to the petitioner to establish a valid defense to the summons. Id.; see also Cosme v. I.R.S., 708 F. Supp. 45, 48 (E.D.N.Y. 1989).

[3] Rather than separately file a counter-petition or a motion for summary enforcement, the United States makes its arguments for enforcement of the summons within its motion to dismiss.  See ECF No. 43 at 9–12.  In a proceeding to quash a summons, "the Secretary may seek to compel compliance with the summons."  26 U.S.C. § 7609(b)(2)(A).

4

out the provisions of this Convention or of the domestic laws of the Contracting States concerning taxes covered by the Convention." Id.  Article 25 further provides, "[i]f information is requested by a Contracting State in accordance with this Article, the other Contracting State shall obtain the information to which the request relates in the same manner and to the same extent as if the tax of the first-mentioned State were the tax of that other State and were being imposed by that other State." Id.

Under the Internal Revenue Code, the IRS is authorized to issue a summons relevant to the investigation of any taxpayer's liability.  Summons may be issued for the purposes of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or . . . collecting any such liability." 26 U.S.C. § 7602(a).  A taxpayer identified in an IRS summons served on a third-party record keeper may begin proceedings to quash the summons.  26 U.S.C. § 7609.

### B.    Summons Enforcement

The United States argues that it satisfies the four-part test enunciated in Powell and asks the Court to enforce the second summons directed to Google. ECF No. 43 at 9.  In support of its brief, the United States submits declarations from Douglas O'Donnell, the Commissioner of the Large Business and International Division of the IRS, and Laurentina Atherly, a Tax Law Specialist in the same division of the IRS.  See ECF Nos. 43-1 and 43-2.[4]

Because the United States seeks to enforce the summons, it bears the initial burden of establishing the four Powell factors.  The United States may satisfy its burden "by a declaration from the investigating agent that the Powell requirements have been met." Dynavac, 6 F.3d at

---

[4] Maxcrest's argument that the Court cannot consider the declarations submitted by the United States or that the Court would convert the motion to dismiss to a motion for summary judgment is without force.  See ECF No. 45 at 9 (citing to Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001)).  The Internal Revenue Code sets out the procedure for petitioning to quash a summons and provides that, in such a proceeding, the Secretary "may seek to compel compliance with the summons." 26 U.S.C. § 7609(b)(2)(A).  The government may satisfy its burden by a declaration from the investigating agent. Dynavac, 6 F.3d at 1414.  To the extent Maxcrest construes the United States' motion to require discovery under Rule 56(d), the Court denies that request.  See Unocal Corp. v. United States, No. C 05-03417 JSW, 2005 WL 3736952, at *3 n.3 (N.D. Cal. Dec. 23, 2005) (rejecting petitioner's contentions that the government's motion to dismiss should be converted to a motion for summary judgment).

1414. If the United States meets this burden, Maxcrest must then negate one of the Powell factors or demonstrate a lack of good faith on the part of the IRS. Id.

### 1. Legitimate Purpose

The first element requires the government show the investigation is being conducted for a legitimate purpose. Powell, 379 U.S. 57–58.

Here, the summons was issued for the purpose of meeting the treaty obligations under the Convention. See ECF No. 43-1, O'Donnell Decl. ¶ 4. The Commissioner of the Large Business and International Division of the IRS reviewed the exchange of information request from the Russian Competent Authority. Id. The Commissioner then determined that it was appropriate for the United States to honor the request. Id.

The United States has established a legitimate purpose.

### 2. Relevance

The second prong under Powell requires the IRS' inquiry to be relevant to the legitimate purpose. Powell, 379 U.S. at 57. "The [g]overnment's burden, while not great, is also not non-existent." United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980).

This element is met because the information requested is relevant to the Russian Federation's investigation of Nefte-Invest. ECF No. 43-1, O'Donnell Decl. ¶ 11. The Competent Authority for the Russian Federation stated that Nefte-Invest exported a significant amount of heating oil out of Russia in 2012 through Platten; in 2012 one million metric tons of heating oil was exchanged for over $600 million. Id. ¶ 6. The Russian Competent Authority alleges that Nefte-Invest and Platten may be related companies, with common directors and/or ownership interests, such that the transactions between the two entities could be treated as controlled transactions. Id. ¶ 7. The Russian Competent Authority seeks information from Google that would make it easier to identify the owners of Nefte-Invest and Platten. Id. The IRS determined there was a reasonable basis to believe that the information summoned from Google would produce information that would be relevant to the Russian income tax investigation of Nefte-Invest. Id. ¶ 11.

Maxcrest argues that the second summons is overly broad and calls for irrelevant

information. Maxcrest states the IRS fails to establish "a realistic expectation rather than an idle hope that something may be discovered." ECF No. 45 at 13 (citing United States v. Goldman, 637 F.2d 664, 667 (9th Cir. 1980)). Alternatively, Maxcrest requests the summons be limited to the production of information between January 1, 2012 and December 31, 2012. ECF No. 33 ¶ 77.

The summons identifies information such as the subscriber's name and address, the length of service utilized, telephone number or other identifying information, and the Internet Protocol address. Such information is relevant as it might shed light on whether Nefte-Invest and Platten shared common ownership or were related companies. Although the specific transactions being investigated occurred during 2012, if the plattenoverseas@gmail.com account has been accessed by a user, common to both Platten and NGI, in the same or similar location, that might be relevant to the question of common ownership – even if the access took place after 2012.

The United States has established that the information requested may be relevant to the Russian Federation's investigation of Nefte-Invest's income tax liabilities.

### 3. Possession of Information

The third Powell requirement is that the "information sought is not already within the Commissioner's possession." Powell, 379 U.S. at 57–58.

O'Donnell asserts in his declaration that at the time the summons was prepared, issued, and served, the summoned information was not in the possession of the IRS or the Russian Competent Authority. ECF No. 43-1, O'Donnell Decl. ¶¶ 12–13; ECF No. 43-2, Atherly Decl. ¶ 12.

The United States has met the third Powell element.

### 4. Compliance with Administrative Steps

The final Powell element requires the IRS to show that it has followed the Internal Revenue Code's administrative steps. Powell, 379 U.S. at 58.

The United States contends that the IRS issued the summons in conformity with the applicable statutes and properly informed Platten. See ECF No. 43-2, Atherly Decl. ¶¶ 4–13. The United States Competent Authority also indicates that the requested information may only be disclosed in normal administrative or judicial process of the requesting country. ECF No. 43-1,

O'Donnell Decl. ¶ 15. Finally, the United States argues that the information sought by the IRS is obtainable by summons and complies with the Electronic Communications Privacy Act at 18 U.S.C. § 2701–2711.

Maxcrest contends that the second summons must be quashed because notice was not timely. ECF No. 33 ¶¶ 47–48.

### a. Timely Notice

Section 7609(a)(1) of the Internal Revenue Code requires that notice must be given to any person identified in the summons "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. § 7609(a)(1). However, if the last day for performing an act falls on Saturday, Sunday, or a legal holiday, the performance of that act is timely if it is performed on the next succeeding that is not a Saturday, Sunday, or legal holiday. Id. § 7503.

The second summons directed to Google was served on Thursday, March 17, 2016. The last day to give notice under § 7609(a)(1) would have been Sunday, March 20, 2016. However, § 7503 extended the last day of notice to Monday, March 21, 2016. The United States satisfied the requirements of § 7609(a)(1), because the second summons was sent by certified mail and postmarked on March 21, 2016 and the date fixed for Google's appearance was more than 23 days after notice was given. Maxcrest does not dispute the United States' argument in its opposition and raises no other argument regarding the United States' compliance with the Internal Revenue Code's administrative steps.

The Court concludes Maxcrest received timely notice of the second summons and complied with the appropriate administrative steps.

### C. Bad Faith

Once the IRS establishes a prima facie case under Powell, the burden shifts to the petitioner to negate one of the four Powell elements or demonstrate a lack of good faith on the part of the government. Dynavac, 6 F.3d at 1414. "The taxpayer . . . carries a heavy burden." United States v. Stuckey, 646 F.2d 1369, 1372 (9th Cir. 1981). "The taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." Crystal v. United

8

States, 172 F.3d 1141, 1144 (9th Cir. 1999).  "Naked allegations of improper purpose are not enough: The taxpayer must offer some credible evidence supporting his charge."  Clarke, 134 S. Ct. at 2367.

As the United States has met its burden of establishing a prima facie case for enforcing the third-party summons, the burden has shifted to Maxcrest to demonstrate the lack of good faith. Maxcrest argues that the second summons was improperly issued and constitutes an abuse of process.  ECF No. 33 ¶¶ 49–71.  Maxcrest's theory is that the IRS allegedly acted in bad faith when issuing the first summons, tainting the second summons because that summons is substantially similar to the first one.  Maxcrest cites to no case holding that a reissued summons is unenforceable based on allegations of bad faith relating only to an earlier, withdrawn summons.

The Court finds the argument unpersuasive.  In addition to the lack of legal support, the Court notes that even if the United States' alleged bad faith regarding the first summons were at issue, Maxcrest's arguments regarding that alleged bad faith are speculative and contingent.  See, e.g., ECF No. 33 at ¶ 54 ("*If* the Government's failure to attach the Part D notice was intentional, the issuance of the summons was in bad faith.") (emphasis added); ¶ 61 ("*If* the Government knew or had reason to know that the mailing to Platten might not be received in a timely manner, its failure to promptly provide Google with permission to email the Summons to Platten was in bad faith") (emphasis added); ¶ 64 ("*If it is shown* that the Government's failure to promptly give Google permission to email the notice of the Summons to Platten was in bad faith, then the Government's motion to dismiss was likewise made in bad faith.") (emphasis added).  Moreover, while the United States does not concede that it issued the first summons in bad faith, it does stress that the IRS can and should reissue summonses to correct procedural deficiencies.

On this record, Maxcrest has not shown specific facts or circumstances that plausibly raise an inference of bad faith.[5]

/ / /

/ / /

---

[5] The Court denies Maxcrest's request for an evidentiary hearing and for additional discovery on this issue.

**CONCLUSION**

The Court finds that the United has met its burden of showing that the elements of the Powell test have been satisfied.  Maxcrest has not shown an abuse of process or lack of good faith on the part of the IRS.  Accordingly, the Court grants the United States' motion to dismiss the amended petition.  The amended petition is dismissed and the summons directed to Google Inc. shall be enforced forthwith.

The Clerk shall close the file.

IT IS SO ORDERED.

Dated:  September 1, 2016

_____
JON S. TIGAR
United States District Judge